# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO. 1:19-cv-20223-JLK

RANIS FORD,

    Plaintiff,

v.

AMERICAN SECURITY INSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Defendant American Security Insurance Company's Motion for Summary Judgment (DE 10) and Motion to Take Judicial Notice (DE 8), both filed October 7, 2019. Plaintiff failed to respond to the Motions, and the time to do so has expired.

## I. BACKGROUND

This is a breach of contract case arising from Plaintiff's claim for insurance proceeds for property damage caused by Hurricane Irma. The following facts are undisputed.[1] Defendant American Security Insurance Company ("American Security") issued a certificate of insurance effective February 2, 2017 through February 2, 2018, providing coverage for Plaintiff's property located at 160 NW 145th Street, Miami, Florida 33168. *See* Def.'s Statement of Material Facts ¶ 1, DE 9. On September 20, 2017, Plaintiff submitted a claim under the policy for windstorm damage caused by Hurricane Irma. *Id.* ¶ 3.

---

[1] Because Plaintiff failed to submit any opposing statement of facts controverting the facts set forth in Defendant's Statement of Material Facts (DE 9), those facts are deemed admitted for purposes of summary judgment. *See* S.D. Fla. L.R. 56.1.

On November 3, 2017, American Security partially accepted coverage and issued a payment in the amount of $31,721.42 for Plaintiff's claim. *Id.* ¶¶ 5–6. American Security denied coverage for the purported damage to Plaintiff's garage because the damage was "unrepaired damage from a prior claim." *Id.* ¶ 7. Specifically, Plaintiff had submitted a claim for the same damage in 2016 following a tornado, but "did not repair the damage[] to his garage with the insurance proceeds [from the prior claim] and was again claiming the same damages" in his Hurricane Irma claim. Busby Aff. ¶¶ 10–16, DE 9-1.[2] After American Security made its coverage determination, Plaintiff submitted an invoice showing that the roofs had been repaired for $14,000. *See* DE 9 ¶¶ 8, 10; Busby Aff. ¶ 17, Ex. E.

Nearly a year after American Security made its coverage determination and issued the $31,721.42 payment, on October 5, 2018, Plaintiff submitted a "Sworn Statement in Proof of Loss" claiming $118,853.42 in damage. *See* DE 9 ¶ 9; Busby Aff. Ex. F, DE 9-7. Notably, despite having submitted an invoice showing that the roofs were replaced for $14,000, Plaintiff now claimed that $55,707.42 was necessary to replace those same roofs and sought additional money for the damage to the garage. Busby Aff. ¶¶ 19–21.

The parties then submitted the claim to appraisal. *See* DE 9 ¶ 13. On February 28, 2019, American Security's appraiser inspected the property and discovered that the roofs had already been replaced. *See* Brinegar Aff. ¶¶ 9–11, DE 9-10. Nonetheless, the claim was submitted to a neutral umpire, who ultimately issued an appraisal award for $62,501.85, including $36,799.78 for the roofs and $4,299.07 for the garage. *Id.* ¶¶ 16–19.

---

[2] As noted in American Security's Motion to Take Judicial Notice, the prior garage claim was litigated between the parties in the state court action styled *Ranis Ford v. American Security Insurance Company*, Case No. 2016-029654-CA-01, which was dismissed with prejudice after American Security made the required payments (totaling $5,485.82) pursuant to a court-ordered appraisal. *See* DE 8-5 at 45, 60; DE 8-6.

American Security's appraiser attempted to contact the umpire regarding these amounts because, based on his visual inspection of the property and the roofing invoice Plaintiff had submitted, the $36,799.78 award to replace the roofs had "no connection whatsoever to the actual amount Plaintiff paid to replace the[] roofs." *Id.* ¶ 19. However, the umpire did not respond. *Id.* ¶ 17. In addition to the umpire not considering the actual replacement cost for the roofs, the award was made "without consideration of any deductible or prior payments," which were to "be subtracted from any payments due and owing" under the award. *Id.* ¶ 20. The award was also "made subject to all terms, conditions and exclusions" under the policy. *Id.*

On December 3, 2018, Plaintiff filed this action alleging that American Security breached the policy because the amounts paid were "inadequate to perform the repairs needed to fix all damages caused by the Loss and to restore Plaintiff's Property to its pre-Loss condition." Compl. ¶ 25, DE 1-5. American Security now moves for summary judgment on grounds that the "undisputed material facts establish that American Security did not breach the applicable insurance contract and that Plaintiff has no damages." Mot. Summ. Judgment 13, DE 10. American Security also argues that summary judgment is warranted because Plaintiff "made false statements in an attempt to recover insurance proceeds that greatly exceeded his actual damages." *Id.* In connection with the Motion for Summary Judgment, American Security also requests that the Court take judicial notice of the state court records from the 2016 lawsuit involving the prior garage claim. Mot. Judicial Notice, DE 8.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine dispute" means "the evidence is such that a reasonable jury could

3

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). In opposing summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 250. "If a party fails to properly support or address another party's assertion of fact in a motion for summary judgment, the court may 'consider the fact undisputed for purposes of the motion' or 'grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.'" *Urdaneta v. Wells Fargo Bank N.A.*, 734 F. App'x 701, 704 (11th Cir. 2018) (quoting Fed. R. Civ. P. 56(e)(2), (3)).

### III. DISCUSSION

Under Florida law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *See Maor v. Dollar Thrifty Automotive Group, Inc.*, 303 F. Supp. 3d 1320, 1324 (S.D. Fla. 2017). In the insurance context, it is well established that an appraisal award is binding on the parties and may give rise to a breach of contract claim. *See generally Travelers Ins. Co. v. Luckett*, 279 So. 2d 885, 886 (Fla. 3d DCA 1973). However, courts have recognized that an appraisal award does not establish the amounts owed under the policy where (as here) the award includes language stating that it was made without consideration of the deductible amount, prior payments, or policy exclusions. *See, e.g., Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 05-14362-CIV, 2009 WL 790120, at *3 (S.D. Fla. Mar. 24, 2009) (Marra, J.) (finding that defendant was "entitled to challenge coverage as to portions of the appraisal award" where award stated that it was made "without any consideration of the deductible amount or prior payments issued to the insured or any terms, conditions, provisions or exclusions" of the insurance policy); *Liberty American Ins. Co. v. Kennedy*, 890 So. 2d 539, 541–42 (Fla. Dist. Ct. App. 2005) (concluding

that "the submission of the claim to appraisal does not foreclose [the defendant] from challenging an element of loss as not being covered by the policy").

Here, the appraisal award was made "without consideration of any deductible or prior payments," and was also "made subject to all terms, conditions and exclusions" under the policy. *See* Brinegar Aff. ¶ 20. Thus, American Security argues that, because Plaintiff paid $14,000 to replace the damaged roofs, the award must be reduced under the "Loss Settlement" provision of the policy, which states that the insurer will pay no more than "[t]he necessary amount actually spent to repair or replace the damaged [] property." *See* Mot. Summ. Judgment 7–9. American Security also notes that the policy contains an exclusion barring coverage when the insured has "misrepresented any material fact or circumstance," "[e]ngaged in fraudulent conduct," or "[m]ade false statements relating to the insurance." *Id.* at 11. And here, American Security has submitted evidence showing that Plaintiff misrepresented the damage to the roofs by claiming $55,707.42 in his Proof of Loss despite having already completed the roof repairs for $14,000. *Id.* at 12. Plaintiff has submitted no evidence contradicting these facts. Finally, American Security argues that the amount awarded for the garage ($4,299.07) must be deducted based on the prior payments American Security made ($5,485.82) to repair the same damage at issue in the state court action involving Plaintiff's prior garage claim. *Id.* at 9–10, n.4.[3]

After reducing the award pursuant to these policy provisions and prior payments, the undisputed facts show that American Security does not owe any additional amounts under the

---

[3] In support of this argument, American Security requests that the Court take judicial notice of the court records filed in the state court action showing that American Security tendered the payment for the garage repairs pursuant to the court-ordered appraisal, and that Plaintiff cashed the check on April 19, 2017. *See* Mot. Judicial Notice Exs. E & F. The Court finds that judicial notice is appropriate under Federal Rule of Evidence 201(b)(2) and that Plaintiff has failed to controvert any of the evidence submitted by American Security on this issue in any event.

5

policy. Indeed, the undisputed facts show that the amounts paid by American Security *exceeded* the amount Plaintiff would be entitled to recover under the modified appraisal award. *See* Mot. Summ. Judgment 10–11. As such, the Court finds that no genuine issues of material fact exist that would show American Security breached the policy or that Plaintiff has suffered any damages, and thus American Security is entitled to judgment as a matter of law.

## IV. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion for Summary Judgment **(DE 10)** be, and the same hereby is, **GRANTED**; Defendant's Motion to Take Judicial Notice **(DE 8)** is also **GRANTED**; and the Court will enter final judgment in a separate document pursuant to Fed. R. Civ. P. 58(a).

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 4th day of December, 2019.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:** **All counsel of record**

6